**In the Matter of Financial Responsibility for Chemical Dependency · Treatment Services Provided to Elaine Doris BRATSCH.**

No. C4–98–893.

Court of Appeals of Minnesota.

Jan. 12, 1999.

Michelle A. Dietrich, Redwood County Attorney, Redwood Falls, MN (for appellant Redwood County Human Services).

Thomas J. Simmons, Renville County Attorney, David J. Torgelson, Assistant Renville County Attorney, Olivia, MN (for respondent Renville County).

Considered and decided by CRIPPEN, Presiding Judge, WILLIS, Judge, and FOLEY, Judge.*

## OPINION

CRIPPEN, Judge

Redwood County appeals from the trial court's determination that it was the county of financial responsibility for the cost of chemical dependency treatment of a woman who had lived in Redwood County for less than two months and who previously had AFDC and medical assistance files open in Renville County. Finding the trial court's interpretation of chapter 256G to be correct, we affirm.

## FACTS

Elaine Bratsch lived in Renville County for some period of time [1] before moving on August 1, 1997, to Redwood County. On September 19, 1997, Ms. Bratsch was arrested on criminal sexual conduct charges. Between September 19 and her conviction on October 15, 1997, Ms. Bratsch was detained at the Brown County Jail and at the Willmar Regional Treatment Facility. After her conviction, Ms. Bratsch spent time in various correctional facilities, treatment facilities, and a halfway house.

Redwood County requested that the Minnesota Department of Human Services determine financial responsibility for Ms. Bratsch's chemical dependency treatment. The department issued a decision naming Renville County as the responsible county. Renville County appealed the department's

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

1. Nowhere in the record does it indicate precisely how long Ms. Bratsch lived in Renville County.

However, it appears that she did live there long enough to have received AFDC and medical assistance through the county.

determination, and in April 1998 the trial court reversed.

## ISSUE

Did the trial court err in determining that Redwood County, not Renville County, was obligated to pay for the chemical dependency services provided to Ms. Bratsch?

## ANALYSIS

■ Residence and financial responsibility determinations for human services programs are governed by Minn.Stat. ch. 256G (1998) (Minnesota Unitary Residence and Financial Responsibility Act). Questions of statutory interpretation, such as the one presented in this case, are questions of law. A reviewing court need not defer to the trial court's determination of a question of law. *See Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn.1984).

Section 256G.07

■ Both counties agree that governmental liability in this case is governed by section 256G.07 (1998), which allows a person who is receiving services in one county and who moves to another county "to continue to receive that service from the county from which that person has moved" for two full calendar months. Minn.Stat. § 256G.07, subd. 1. After residing in the second county for two months in "nonexcluded status," payment of benefits transfers to the second county. *Id.* The counties agree that in this case, for all of the time since her September 19, 1997, arrest, Ms. Bratsch has been living in facilities that qualify as "excluded time" facilities.[2] Therefore, the counties agree that Ms. Bratsch was a resident of Redwood County for less than two months.

Redwood County asserts that chemical dependency treatment is a type of medical assistance and that Ms. Bratsch's chemical dependency treatment is therefore covered as a continuation of her existing treatment with Renville County. It relies on Minn. R. 9530.7015, subpt. 1 (1997), which describes those eligible for having their chemical dependency treatment totally paid under the Consolidated Chemical Dependency Treatment Fund. The rule states that those eligible to receive AFDC, medical assistance, or general assistance are eligible for paid chemical dependency treatment. But this does not mean that chemical dependency treatment is a type of medical assistance. It simply establishes that a determination of income eligibility under one of these other programs can serve as a proxy for determination of income eligibility under this program.

Renville County is only required to pay for the continuation of services that Ms. Bratsch was receiving at the time of her move— AFDC and medical assistance. Nothing in section 256G.07 makes Renville County liable for the additional service (chemical dependency treatment) that she has received since her move to Redwood County.

Section 256G.02, subdivision 4

■ Redwood County also argues that it is not obligated to pay for Ms. Bratsch's chemical dependency care because section 256G.02, subd. 4(e) (1996), applies. Entitled "[c]ounty of financial responsibility," subdivision 4(e) states that when a person already has

a social service case open in one county, financial responsibility for any additional social services attaches to the case that has the earliest date of application and has been open without interruption.

But Renville County correctly contends that section 256G.02, subd. 4(e), deals with statutory use of the concept "county of financial responsibility" and that this phrase is not used in section 256G.07, subd. 1. Moreover, it persuasively argues that section 256G.02, subd. 4(e) does not apply to the financial assistance, AFDC, and medical assistance[3]

---

2. Excluded time facilities include institutions such as hospitals, halfway houses, battered women's shelters, residential care facilities, and correctional institutions. Minn.Stat. § 256G.02 (1998).

3. Section 256G.02, subd. 4(e), expressly governs "social service" cases, which respondent sensibly

distinguishes from financial assistance programs like AFDC and medical assistance. This view is ratified by other provisions of the chapter. Most of the provisions of chapter 256G apply to "social service programs" that include, e.g., poor relief. Minn.Stat. § 256G.01, subd. 3 (1998). AFDC, medical assistance, and other financial

for which Ms. Bratsch had open files in Renville County. We conclude that Renville County and the trial court correctly determined that section 256G.02 is inapplicable to this situation.

## DECISION

Finding no error in the trial court's determination that nothing in sections 256G.07 or 256G.02 casts liability for Ms. Bratsch's chemical dependency treatment on Renville County, we affirm.

**Affirmed.**

---

assistance programs are governed only by select provisions of the chapter, specifically including section 256G.07, subd. 1, but not including section 256G.02, subd. 4(e). Minn.Stat. § 256G.01, subd. 4 (1998).